# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAVIN MAURICE RHODES,<br><br>            Plaintiff,<br><br>     v.<br><br>M. ROBINSON, et.al.,<br><br>            Defendants.<br>_____ / | CASE NO. 1:02-cv-05018-LJO DLB PC<br><br>**ORDER GRANTING PLAINTIFF'S REQUEST FOR MODEL JURY INSTRUCTIONS**<br><br>(Doc. 136)<br><br>**ORDER DIRECTING CLERK OF THE COURT TO SEND TO PLAINTIFF MODEL JURY INSTRUCTIONS 9.1 - 9.25**<br><br><u>Jury Trial</u>:   May 20, 2008, at 9:00 a.m. in Courtroom 4 (LJO) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's second amended complaint, lodged on May 20, 2006 and filed pursuant to the Court's Order, on September 8, 2006. On March 9, 2007, the court adopted the undersigned's recommendation to grant defendants' motion for summary judgment in part and that this case proceed on plaintiff's First Claim for retaliation against defendant Robinson, Eighth Claim for retaliation against defendants Robinson and Blevins and Eleventh Claim for retaliation against defendants Tidwell, Pazo and Robertson as well as plaintiff's Third, Fourth, Fifth, Seventh, Tenth and Twelfth Claims for retaliation which were not specifically addressed in defendants' motion.[1]

---

[1] On May 11, 2006, defendants filed a motion for summary judgment. On September 8, 2006, the Court granted plaintiff's motion to file a second amended complaint and ordered defendants to advise whether they wanted to waive a response to the second amended complaint and proceed on their motion for summary judgment or

1

1    In this court's pretrial order dated February 26, 2008, the Clerk of the Court was directed to serve plaintiff with a copy of the Ninth Circuit Model Jury Instructions for Section 1983 actions. (Doc. 129).  On March 5, 2008, plaintiff filed a motion requesting instructions 9.1 through 9.25. (Doc. 136).  Plaintiff states in his motion that he did not receive these instructions, which he states are relevant to the elements of his claims.  The Clerk is directed to forward the requested jury instructions to plaintiff.

IT IS SO ORDERED.

Dated:   March 17, 2008            /s/ Dennis L. Beck
                                UNITED STATES MAGISTRATE JUDGE

---

withdrawal their motion and file a response to the second amended complaint. On September 26, 2006, defendants advised that they wished to waive their response to the second amended complaint and proceed with their motion for summary judgment. *See* Doc. 90. Claims three, four, five, seven, ten and twelve were not addressed in defendants' motion for summary judgment. In the second amended complaint, Claim Four is entitled "Conspiracy to Obstruct Justice" and Claim Ten is entitled "Obstruction of Justice." In his pretrial statement, plaintiff references penal code section 182. A private right of action under a criminal statute has rarely been implied. Chrysler Corp. v. Brown, 441 U.S. 281, 316 (1979). Where a private right of action has been implied, "'there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone.'" Chrysler Corp., 441 U.S. at 316 (quoting Cort v. Ash, 422 U.S. 66, 79 (1975)). The court has reviewed the penal statutes in question and there is no indication that civil enforcement of any kind is available to plaintiff. Cort, 422 U.S. at 79-80; Keaukaha-Panaewa Cmty. Ass'n v. Hawaiian Homes Comm'n, 739 F.2d 1467, 1469-70 (9th Cir. 1984). However, in Claims Four and Ten, plaintiff alleges that the acts were "designed by the defendants to chill the effect of plaintiff's exercise of his First Amendment rights. Viewing the allegations in the light most favorable to plaintiff and in order to allow the claims to go forward, the court finds that Claims Four and Ten state claims for retaliation, which will allow plaintiff to introduce evidence of the alleged conduct.