# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAVIN M. RHODES,<br><br>        Plaintiff,<br><br>    v.<br><br>M. ROBINSON, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:02-cv-05018-LJO DLB P<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Docs. 146, 151) |

Plaintiff Kavin M. Rhodes ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On April 4, 2008, plaintiff filed a motion for reconsideration of the court's decision denying his motion for the issuance of five subpoenas duces tecum. (Docs. 145, 146). On April 11, 2008, plaintiff filed a second motion for reconsideration of the same order. (Doc. 151).

Although the Federal Rules of Civil Procedure do not expressly authorize a motion for reconsideration before judgment, "(a) district court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment..." Smith v. Massachusetts (2005) 543 US 462, 125 S.Ct. 1129, 1139 (internal quotations omitted). Reconsideration is an "extraordinary remedy, to be used sparingly." Kona Enterprises, Inc. v. Estate of Bishop (9th Cir. 2000) 229 F3d 877, 890 (dealing with post-judgment motion). A motion for reconsideration will not be granted, absent highly unusual circumstances, "unless the District Court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." (Id., internal quotes omitted). When filing a motion for reconsideration, Local Rule 78-230(k) requires

a party to show the "new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

In the order at issue, the Court denied plaintiff's request for the issuance of five subpoena duces tecum. (Doc. 145). Plaintiff had sought subpoenas commanding the defendants and opposing counsel to bring to trial, *inter alia*, the CD player confiscated from him on May 3, 2001, as well as the original cell search log for May 3, 2001, for CCI-IV-A state prison. (Doc. 145).

Plaintiff's motion for the subpoena duces tecum was denied by the court on the grounds that plaintiff did not indicate in his pretrial statement that he intended to offer these items as exhibits. Plaintiff was advised that the pre-trial order explicitly stated that no exhibits other than those listed in the pre-trial order would be admitted unless there a showing was made that the order should be modified to prevent manifest injustice, and the court held that plaintiff had not made such a showing. (Doc. 145). Further, plaintiff was advised that the cell log book was listed by defendants as an exhibit, and that plaintiff would be provided with a copy at trial.

In his motion for reconsideration, plaintiff contends that defendants have altered photocopies of the cell search log, and also that defendants intend to introduce forged photographs of the CD player in question as exhibits at trial. (Doc. 151, p.2:13-16, p.3:25-4:8, and p.2, FN1.). Plaintiff alleges that by issuing its order, the court "is set upon the course of allowing the defendants to knowingly put on perjured testimony and fabricated evidence thereto." (Doc. 146, p.3:7-10). Plaintiff states in his motion for reconsideration that although the CD player is not listed as an exhibit, photographs of the CD player are listed as exhibits for both parties.

The court finds that Plaintiff has not presented the court with newly discovered evidence, evidence that the court committed clear error, or that there is an intervening change in the controlling law sufficient to warrant the granting of plaintiff's motion for reconsideration.

Further, during the telephonic pre-trial conference held February 22, 2008, plaintiff made known that he would object to the use of copies of the cell search log book at trial. Counsel for defendants indicated that he was unaware of whether the original cell search log still existed. The court advised defendants that they were put on notice of plaintiff's objection to the use of copies. The Court also advised plaintiff that he may file motions in limine, detailing his objections to various

1  items of evidence defendants intend to introduce at trial, including photographs of the CD player in
2  question.[1]  Finally, plaintiff was also advised that the trial judge would hear plaintiff's objections
3  prior to submitting these items into evidence.
4      Therefore, based on the foregoing, plaintiff's motions for reconsideration, filed April 4, 2008
5  and April 11, 2008, are HEREBY DENIED.
6      IT IS SO ORDERED.
7      **Dated:   April 16, 2008**            /s/ **Dennis L. Beck**
                                     UNITED STATES MAGISTRATE JUDGE

---

[1] All motions in limine must be filed with the Court by April 22, 2008. (Doc. 129, p.16).

3