UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KAVIN M. RHODES, | ) | 1:02-cv-5018 LJO DLB PC |
|     Plaintiff, | ) | |
| | ) | ORDER RE MOTION FOR DEFAULT JUDGMENT |
|     v. | ) | (Doc. 167) |
| M. ROBINSON, et al., | ) | |
| | ) | ORDER RE MOTION TO WITHDRAW |
| | ) | AS ATTORNEY FOR DEFENDANT B. JONES |
|     Defendants. | ) | |
| | ) | (Doc. 168) |

      Plaintiff Kavin Rhodes ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On March 24, 2008, plaintiff filed a request for entry of default against defendant B. Jones, (Doc. 140), and this court granted plaintiff's motion on April 16, 2008. (Docs. 159, 160). Plaintiff then filed a motion requesting that the entry of default be modified to include a $25,000 judgment against defendant B. Jones. (Doc. 167). On April 24, 2008, attorney John W. Riches II filed a motion to withdraw as counsel of record for defendant B. Jones. (Doc. 168). The court has carefully reviewed this file, and will now resolve the outstanding motions.

A.    <u>Procedural History of this Action Involving Defendant B. Jones</u>

      Plaintiff's original complaint was filed on January 4, 2002. (Doc. 1). In his complaint, plaintiff named Sergeant B. Jones as a defendant. On April 19, 2002, this court found service appropriate on B. Jones and nine other defendants, and ordered plaintiff to provide information to facilitate service of process on defendants by filling out and submitting to the court a USM-285 form and a summons for

1

each defendant to be served. (Docs. 17, 18.) Plaintiff submitted the required documents on May 1, 2002, and on May 17, 2002, the court directed the United States Marshal to initiate service on ten defendants, including B. Jones. (Docs. 19, 20.) The Marshal was unable to locate and serve defendant Sergeant B. Jones, and on March 15, 2004, the Marshal returned the USM-285 form to the court, noting that California Correctional Institute (CCI) had no such employee, and that the California Department of Corrections found no record of defendant. (Doc. 33.)

However, on July 15, 2002, defendants Jones, Huebner, Robertson, Robinson, Blevins, Nelson, Pazo, Tidwell, and Lopez filed a motion to dismiss pursuant to Rule 12(b)(6) (Doc. 31). The attorney of record noted on the motion materials for all defendants, including Jones, was John W. Riches II. On December 13, 2002, the court issued its Findings and Recommendations recommending that defendants' motion be granted. On February 3, 2003, the court issued an order adopting the Findings and Recommendations and the action was closed.

Plaintiff appealed the dismissal to the United States Court of Appeals for the Ninth Circuit, and on May 5, 2005, the Court issued its order reversing and remanding the decision of the district court. On June 3, 2005, defendants Huebner, Robertson, Blevins, Nelson, Pazo, Tidwell and Lopez filed an answer to plaintiff's complaint. (Doc. 55). On May 11, 2005, defendants Robinson, Blevins, Nelson, Pazo, Robertson, Tidwell, Lopez and Huebner filed a motion for summary judgment. (Doc.75). On September 8, 2006, this court granted plaintiff's motion to file a second amended complaint, and ordered the defendants to advise the court whether they wished to waive their response to the second amended complaint and proceed with their motion for summary judgment, or whether they wished to file a response to the second amended complaint. (Doc. 88).

On September 26, 2006, defendants Robinson, Blevins, Nelson, Pazo, Robertson, Tidwell, Lopez, Huebner indicated that they would waive their response to the second amended complaint and elected to proceed with their motion for summary judgment. (Doc. 90). On February 2, 2007, this court issued its Findings and Recommendations recommending that defendants' motion for summary judgment be granted in part. On March 9, 2007, the court issued its order adopting the findings and recommendations.

On January 29, 2008, defendant Jones, Robinson, Blevins, Pazo, Robertson, Tidwell, and

Malone filed a pre-trial statement in this matter. (Doc. 125)

B.	Mr. Riches' Motion for Withdrawal as Attorney of Record for B. Jones

On April 24, 2008, Deputy Attorney General John Riches II filed a motion to withdraw as counsel for defendant B. Jones, arguing that there is no record of a Sergeant B. Jones having been employed at CCI, the person identified as defendant Jones has never requested representation by the office of the Attorney General, and no attorney-client relationship has ever been created. (Doc. 168, p.3.).

In support of his motion, Mr. Riches states that the office of the California Attorney General's Office has a duty to represent the state and any state officer acting in an official capacity, but that pursuant to California Government Code §995, this duty is predicated on a request for representation. (Id., p.4:12-15). Mr. Riches has filed evidence stating that a CCI personnel records search, from 2001 to the present, found no record of a Sergeant B. Jones having been employed at CCI, or having transferred, separated, terminated or retired from CCI. (Doc. 168, Exh. A, Riches' Declaration, ¶7.). There is a record of an Officer B. Jones who was first employed at CCI in 2006, who has never been a sergeant, and was not employed by CDCR at CCI at the relevant times as alleged in Plaintiff's Second Amended Complaint (Id., ¶8). Thus, Mr. Riches submits that there was no Sergeant B. Jones employed at CDCR at CCI at the relevant times alleged in plaintiff's second amended complaint (Id., ¶9.). As a result, Mr. Riches asserts that there is no actual person named B. Jones eligible for representation by the Office of the Attorney General, that there has been no request for representation from any person meeting the description of defendant Jones in this matter, and that accordingly, no attorney-client relationship has been established. (Id., ¶10-12). Mr. Riches further states that he is listed as attorney of record only because defendant Jones was inadvertently listed as a represented defendant in the Notice and Motion to Dismiss filed July 15, 2002. (Id., ¶14.).

Withdrawal as attorney of record is governed by the Rules of Professional Conduct of the State Bar of California, and also Local Rule 83-182, which requires, *inter alia*, leave of the court upon noticed motion.

First, the court notes that neither Mr. Riches nor Office of the Attorney General notified the court earlier of their errors in listing B. Jones as a represented defendant on the Motion to Dismiss filed

1 back in July 2002, and also on defendants' pre-trial statement filed as recently as January 29, 2008. This
2 matter is over six years old; Mr. Riches' instant motion was filed less than one month before trial, and
3 only after plaintiff successfully moved for entry of default.

4 However, given the evidence indicating that there is no record of a Sergeant B. Jones having
5 been employed by CDCR at CCI at the times relevant to this action and that Mr. Riches' appearance as
6 an attorney of record for Sergeant B. Jones was apparently made through inadvertence, the court finds
7 good cause. Accordingly, Mr. Riches' motion to withdraw as counsel of record for Sergeant B. Jones
8 is GRANTED. Sergeant B. Jones (real or imagined) now proceeds in propria persona.

9 C.   Plaintiff's Motion for Default Judgment

10 Plaintiff has successfully moved for entry of default against defendant B. Jones. A hearing to
11 prove up plaintiff's motion for default judgment of $25,000 against B. Jones, if B. Jones in fact exists,
12 will be heard concurrently with the trial on May, 20, 2008.

13 IT IS SO ORDERED.

14 Dated:   **May 6, 2008**          /s/ **Dennis L. Beck**
                                      UNITED STATES MAGISTRATE JUDGE