# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAVIN M. RHODES,<br><br>        Plaintiff,<br><br>    v.<br><br>M. ROBINSON, et al.,<br><br>        Defendants. | CASE NO. 1:02-cv-05018-LJO DLB PC<br><br>ORDER DENYING MOTION FOR A TRANSCRIPT OF TELEPHONIC TRIAL CONFIRMATION HEARING, MOTION IN LIMINE HEARING, AND TRIAL AT GOVERNMENT EXPENSE<br><br>(Doc. 205) |

Plaintiff Kavin M. Rhodes ("Plaintiff") is a state prisoner who was proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Following jury trial, judgment was entered in favor of the defendants on May 22, 2008, and Plaintiff filed a notice of appeal May 29, 2008.  On July 14, 2008, Plaintiff filed a motion for production of transcripts at government expense, requesting transcripts of the telephonic trial confirmation hearing held February 22, 2008, the motions in limine hearing held May 20, 2008, and the trial proceedings of May 21, 2008.  (Doc. 205).

A litigant who has been granted in forma pauperis status may move to have transcripts produced at government expense.  See 28 U.S.C. § 753(f); McKinney v. Anderson, 924 F.2d 1500, 1511-12 (9th Cir.1991) (subsequent history omitted).  Two statutes must be considered whenever the district court receives a request to prepare transcripts at the government's expense.  First, 28 U.S.C. § 1915(c) defines the limited circumstances under which the court can direct the government to pay for transcripts for a litigant proceeding in forma pauperis.

(c) Upon the filing of an affidavit in accordance with subsections (a) and (b) and the

prepayment of any partial filing fee as may be required under subsection (b), the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court; (2) preparing a transcript of proceedings before a United States magistrate judge in any civil or criminal case, if such transcript is required by the district court, in the case of proceedings conducted under section 636(b) of this title or under section 3401(b) of title 18, United States Code; and (3) printing the record on appeal if such printing is required by the appellate court, in the case of proceedings conducted pursuant to section 636(c) of this title. Such expenses shall be paid when authorized by the Director of the Administrative Office of the United States Courts.

28 U.S.C. § 1915(c).

Second, 28 U.S.C. § 753(f) allows the court to order the government to pay for transcripts only if "the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f). A request for a transcript at government expense should not be granted unless the appeal presents a substantial question. Henderson v. United States, 734 F.2d 483, 484 (9th Cir. 1984). Based on Plaintiff's motion materials, the Court finds that the appeal does not present a substantial question and the request for transcripts at government expense is denied. Plaintiff may renew his request for transcripts at government expense with the appellate court by filing a motion there if he wishes.

In addition, Plaintiff is notified that the appellate court has access to the court's file in this case, and will request any necessary documents that are in the record directly from this court.

Based on the foregoing, Plaintiff's motion for transcripts of the telephonic trial confirmation hearing, the motions in limine hearing, and trial proceedings, at government expense, are HEREBY DENIED.

IT IS SO ORDERED.

**Dated:   July 28, 2008**           /s/ Lawrence J. O'Neill
                                     UNITED STATES DISTRICT JUDGE