UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KAVIN M. RHODES,<br><br>    Plaintiff,<br><br>v.<br><br>M. ROBINSON, et al.,<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | 1:02cv5018 LJO DLB PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT (Document 216)<br><br>ORDER REQUIRING PLAINTIFF TO SUBMIT THIRD AMENDED COMPLAINT WITHIN THIRTY (30) DAYS |

**BACKGROUND**

Plaintiff Kavin M. Rhodes ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 4, 2002. He filed a First Amended Complaint on March 13, 2002. The Court found that service was appropriate for Defendants Robinson, Blevins, Malone, Nelson, Pazo, Jones, Robertson, Tidwell, Lopez and Huebner.

On September 8, 2006, the Court granted Plaintiff's motion to file a Second Amended Complaint, which added numerous Defendants and allegations relating to events occurring on or after January 2, 2002. Causes of Action Thirteen through Thirty-three relate to these subsequent events.

On March 9, 2007, the Court dismissed Causes of Action Thirteen through Thirty-three without prejudice for Plaintiff's failure to exhaust administrative remedies. Plaintiff appealed this dismissal.

1

A jury trial was held in May 2008 on Causes of Action One through Twelve. On May 22, 2008, judgment was entered in favor of the previously served Defendants.

On September 8, 2010, the Ninth Circuit reversed this Court's dismissal of Causes of Action Thirteen through Thirty-three. The Court found that Plaintiff properly alleged exhaustion as to these causes of action and remanded the action to this Court for further proceedings. Pursuant to the Ninth Circuit's December 13, 2010, mandate, this action was reopened on December 15, 2010.

On October 29, 2010, Plaintiff filed a motion for leave to file a Third Amended Complaint. Plaintiff seeks to delete Causes of Action One through Twelve and to add a cruel and unusual punishment claim to Claim Thirty-Two.

Defendant opposed the motion on November 15, 2010, contending that the motion was premature because the Ninth Circuit had not yet issued its mandate. Given the issuance of the mandate, the motion is now ready for review.

**DISCUSSION**

A.    Leave to Amend

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a).

Given the procedural posture of this action, leave of Court is necessary for Plaintiff to file an amended complaint. Although the action is over nine years old and has gone to trial on twelve causes of action, the Ninth Circuit's remand on Causes of Action Thirteen through Thirty-three essentially starts the procedural process anew. Plaintiff will therefore be allowed to add a cruel and unusual punishment claim to Claim Thirty-two.

Rather than file the lodged Third Amended Complaint and screen it pursuant to 28 U.S.C. § 1915A(a), however, the Court will require Plaintiff to file a Third Amended Complaint that complies with the following requirements.

2

B.        Requirements for Amendment

Plaintiff's proposed Third Amended Complaint, like the Second Amended Complaint, is over 65 pages long. He names more than 25 Defendants and includes allegations from a period of time spanning over 18 months. Although Plaintiff's claims arise out of perceived retaliation, the claims include allegations of improper cell searches, interference with legal materials, false rules violations, improper findings of guilt and excessive force during cell extractions. In other words, Plaintiff's proposed Third-Amended Complaint includes claims for seemingly all aspects of his incarceration that he found objectionable during an 18 month period.

The sheer number of Defendants and the number of events at issue make this action unmanageable. In amending his Second Amended Complaint, Plaintiff should take into consideration the following requirements.

*Rule 8*

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct, Iqbal at 1950, and while factual allegations are accepted as true, legal conclusions are not, id. at 1949.

Plaintiff alleges multiple claims arising out of separate transactions or occurrences, and is required, for the sake of clarity, to state each claim separately. Bautista v. Los Angeles County, 216 F.3d 837, 840-41 (9th Cir. 2000). Plaintiff need not include long recitations of historical facts and must state his claims clearly and sufficiently. In this regard, Plaintiff's Third Amended Complaint **shall be no more than twenty-five (25) pages.**

*Rule 18 and Rule 20*

Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant. Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action." However, unrelated claims that involve different defendants must be brought in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir.2007). This rule is not only intended to avoid confusion that arises out of bloated lawsuits, but also to ensure that prisoners pay the required filing fees for their lawsuits and prevent prisoners from circumventing the three strikes rule under the Prison Litigation Reform Act. 28 U.S.C. § 1915(g).

It does not appear that all Defendants and all causes of action are properly joined in this action. The Court advises Plaintiff that each claim that is raised in his Third Amended Complaint must be permitted by either Rule 18 or Rule 20. Plaintiff may state a single claim against a single defendant. He may then add any additional claims to his action that are against the same defendant under Rule 18. Plaintiff may also add any additional claims against other defendants if those claims arise from the same transaction, occurrence, or series of transactions as his original claim. Any attempt to join claims that are not permitted by the Federal Rules of Civil Procedure will result in those claims being dismissed as improperly joined.

*Scope of Amendment*

Plaintiff is advised that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). His amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of his constitutional or other federal rights. Iqbal, 129 S. Ct. at 1949. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded

4

pleading," L. R. 220. Although generally, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived, " waiver does not apply to claims that were adjudicated on the merits. <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>Forsyth</u>, 114 F.3d at 1474.

## ORDER

Accordingly, based on the above,

1. Plaintiff's motion for leave to file a Third Amended Complaint is GRANTED;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff must file a Third Amended Complaint that complies with the above requirements. Plaintiff's Third Amended Complaint is **limited to twenty-five (25) pages.**

If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a Court order.

IT IS SO ORDERED.

Dated: **March 9, 2011**              /s/ **Dennis L. Beck**
                                     UNITED STATES MAGISTRATE JUDGE