# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAVIN M. RHODES, | CASE NO. 1:02-CV-05018-LJO-DLB PC |
| Plaintiff, | ORDER REGARDING CASE STATUS UPDATE (DOC. 222) |
| v. | FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF BE DENIED (DOC. 214) |
| M. ROBINSON, et al., | |
| Defendants. | |
| _____ / | OBJECTIONS DUE WITHIN TWENTY-ONE DAYS |

Plaintiff Kavin M. Rhodes ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeded to trial on May 20, 2008. Judgment was entered on May 22, 2008, and this action was closed. Plaintiff appealed, *inter alia*, the dismissal of other claims from this action, and on December 13, 2010, the Court of Appeals for the Ninth Circuit granted Plaintiff's appeal in part, reversing and remanding for further proceedings. On December 15, 2010, the District Judge reopened this action. Pending before the Court is Plaintiff's motion for injunctive relief, filed October 12, 2010, and Plaintiff's motion regarding case status, filed January 18, 2011.

**I.     Motion For Injunctive Relief**

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v.*

1

*Natural Res. Def. Council, Inc.,* 129 S. Ct. 365, 374 (2008) (citations omitted).

At the time Plaintiff filed his motion for injunctive relief, this action was closed and on appeal. The District Court was thus divested of jurisdiction to consider any injunctive relief. *See United States v. Sadler*, 480 F.3d 932, 941 (9th Cir. 2007); *cf. Ruby v. Secretary of the United States Navy*, 365 F. 2d 385, 389 (9th Cir. 1966) (en banc) (exceptions for clearly deficient appeals). This action has since been remanded from the Court of Appeals, and is reopened. Thus, the Court has jurisdiction to consider the motion.[1]

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the Court must have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Lyons*, 461 U.S. at 102. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1985).

Plaintiff's motion for injunctive relief concerns events at Kern Valley State Prison. This action, however, concerns events which took place at California Correctional Institution. Prison officials at Kern Valley State Prison are not before this Court. Thus, the Court lacks jurisdiction to grant Plaintiff's motion for injunctive relief.

## II.   Motion For Status Update

Plaintiff seeks a status update regarding this action. Plaintiff contends that the December 15, 2010 Order to re-open this action was not sent to Kern Valley State Prison, where he is currently incarcerated, but sent to the Fresno Parole Division. This appears to be a clerical error. Plaintiff's address has been updated.

---

[1] The Court notes that Plaintiff has filed a notice of appeal in this action on March 11, 2011. "When a Notice of Appeal is defective in that it refers to a non-appealable interlocutory order, it does not transfer jurisdiction to the appellate court, and so the ordinary rule that the district court cannot act until the mandate has issued on the appeal does not apply." *Nascimento v. Dummer*, 508 F.3d 905, 908 (9th Cir. 2007). The Court thus has jurisdiction to adjudicate Plaintiff's motion.

2

### III. Conclusion

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for injunctive relief, filed October 12, 2010, be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 23, 2011**                    /s/ Dennis L. Beck
                                               UNITED STATES MAGISTRATE JUDGE