# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAVIN M. RHODES,<br><br>              Plaintiff,<br><br>     v.<br><br>M. ROBINSON, et al.,<br><br>              Defendants.<br>_____ / | CASE NO. 1:02-CV-05018-LJO-DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO RECUSE DISTRICT JUDGE AND MAGISTRATE JUDGE (DOC. 243)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR CASE TO BE HEARD BY THREE-JUDGE DISTRICT COURT (DOC. 246) |

Plaintiff Kavin M. Rhodes ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is: 1) Plaintiff's motion to recuse United States District Judge Lawrence J. O'Neill and the undersigned, United States Magistrate Judge Dennis L. Beck, filed July 25, 2011, and 2) Plaintiff's motion for his case to be heard by a three judge district court, filed August 24, 2011. Docs. 243, 246. The matter is submitted pursuant to Local Rule 230(l).

## I.    Motion For Recusal

Section 455, Title 28 of the United States Code governs the disqualification of judges or magistrate judges. Plaintiff brings his motion pursuant to subsections (a) and (b)(1). Subsection (a) states: "Any . . . judge[] or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Subsection (b)(1) states that a judge or magistrate shall disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary

1

facts concerning the proceeding." *Id.* § 455(b)(1).  The provisions of § 455(a) and (b)(1) are self-enforcing.

Plaintiff also files the motion pursuant to 28 U.S.C. § 144, which states

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

If the judge to whom a timely motion is directed determines that the accompanying affidavit specifically alleges facts stating grounds for recusal under § 144, the motion must be referred to another judge for a determination of the merits.  *United States v. Sibla*, 624 F.3d 864, 867 (9th Cir. 1980).  The judge to whom the motion is directed is to determine independently whether all the circumstances call for recusal, and such matter rests within the sound discretion of that judge.  *Sibla*, 624 F.2d at 868.  Motions under § 144 are directed to the judge before whom the matter is pending, which in this instance would be the undersigned.  Plaintiff has attached an affidavit to his motion.  The Court assumes without deciding that Plaintiff's motion was timely filed.

Having set forth the legal standards, the Court now examines Plaintiff's affidavit.

**A.    The Affidavit**

Plaintiff contends that Judge O'Neill and the undersigned are engaged in a conspiracy with CDCR officials named in Plaintiff's third supplemental complaint, pursuant to the Racketeering Influenced Corrupt Organizations Act.  Plaintiff lists several instances which he believes are evidence of Judge O'Neill and the undersigned's bias and prejudice against Plaintiff.  Plaintiff first contends that Plaintiff's mail from the Court was delivered to the incorrect address.  Pl.'s Aff. ¶ 2, Doc. 243.  This allegation is without merit.  Plaintiff's address was not updated due to clerical error, which was corrected when brought to the Court's attention.  Additionally, Plaintiff was not prejudiced, as Plaintiff received the Court's orders afterwards.

1    Plaintiff alleges that the undersigned conspired with prison officials to have Plaintiff
2 beaten and his legal property confiscated in order for the Court to dismiss Plaintiff's action
3 pursuant to Rule 41 of the Federal Rules of Civil Procedure.  Plaintiff's allegation of conspiracy
4 is insufficient and implausible.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Plaintiff
5 presents no evidence other than his own conclusory statements.  This is not evidence of Judge
6 O'Neill or the undersigned's bias or prejudice against Plaintiff.
7    Plaintiff next complains that the Court required Plaintiff to file a third supplemental
8 complaint without providing Plaintiff a copy of his second amended complaint, which had been
9 alleged confiscated by prison officials.  Pl.'s Aff. ¶¶ 3-4.  As explained in the Court's April 7,
10 2011 Order, the Court does not provide Plaintiff, or any pro se litigant, with a free copy of his
11 second amended complaint.[1]  This is not evidence of Judge O'Neill or the undersigned's bias or
12 prejudice against Plaintiff.
13    Plaintiff finally complains that he has no way of responding to Defendants' motion to
14 dismiss filed June 28, 2011 as a result of the deprivation of his legal property.  P.'s Aff. ¶ 5.  This
15 is incorrect, as Plaintiff did file an opposition on August 23, 2011.  Pl.'s Opp'n, Doc. 245.  This
16 is not evidence of Judge O'Neill or the undersigned's bias or prejudice against Plaintiff.
17    Plaintiff has raised no arguments in his affidavit that meet the threshold requirement for
18 recusal.  Plaintiff complains of circumstances at his current prison.  However, that is not
19 evidence of bias or prejudice by the judges assigned to this action.  Clerical errors are also not
20 evidence of bias or prejudice.
21    Accordingly, it is HEREBY ORDERED that Plaintiff's motion to recuse Judge O'Neill
22 and the undersigned, filed July 25, 2011, is DENIED.
23 ///
24 ///
25 ///

---

27   [1] Plaintiff also complains that the caption stated that Plaintiff's motion for a copy of his second amended complaint had been granted.  Such caption was erroneous.  Plaintiff was not
28 misinformed in the body of the order, which denied Plaintiff's motion.

3

1  II.     **Motion For Case To Be Heard By Three Judge Court**

Plaintiff moves for this case to be heard by a three-judge court pursuant to 28 U.S.C. §2284.[2]  Section 2284, Title 28 of the United States Code governs three-judge courts. Subsection (a) states in pertinent part: "A district court of three judges shall be convened when otherwise required by Act of Congress."  Plaintiff contends that 42 U.S.C. § 1997e(a), as amended by the Prison Litigation Reform Act ("PLRA"), is unconstitutional, in violation of the First, Fifth, and Fourteenth Amendments to the United States Constitution and the Supremacy Clause in that it allows CDCR to enact its own regulations to screen out prisoner appeals.  Pl.'s Mot. 2, Doc. 246.  However, Plaintiff cites to no authority that indicates Plaintiff's complaint with the PLRA should be heard by a three-judge court.  Accordingly, Plaintiff's motion is HEREBY ORDERED denied.

IT IS SO ORDERED.

Dated:   **November 29, 2011**                    **/s/ Dennis L. Beck**
                                                   UNITED STATES MAGISTRATE JUDGE

---

[2]  Plaintiff also made his motion under § 2281.  Section 2281 was repealed by the Act of August 12, 1976, Pub. L. No. 94-381, § 1, 90 Stat. 1119.

4