# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAVIN M. RHODES, | CASE NO. 1:02-cv-05018-LJO-DLB PC |
| Plaintiff, | ORDER ADOPTING IN PART AND MODIFYING IN PART FINDINGS AND RECOMMENDATIONS |
| v. | |
| M. ROBINSON, et al., | (DOC. 254) |
| Defendants. | ORDER REGARDING PLAINTIFF'S MOTION TO AMEND (DOC. (259) |

**I.    Background**

Plaintiff Kavin M. Rhodes ("Plaintiff") is a California state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On June 9, 2011, Plaintiff filed a document labeled as a third amended complaint. Doc. 239. This filing will be construed as a supplemental complaint pursuant to Rule 15(d) of the Federal Rules of Civil Procedure. On June 24, 2011, Defendants filed a motion to dismiss. Doc. 240. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 19, 2011, the Magistrate Judge filed a Findings and Recommendations which was served on the parties and which contained notice to the parties that any objection to the Findings and Recommendations was to be filed within thirty days.   Doc. 254.   On January 17, 2012, Defendants filed an Objection. Doc. 255. On January 27, 2012, Plaintiff filed an Objection, contending that he had not received the Findings and Recommendations. After the Magistrate Judge reissued the Findings and Recommendations, Plaintiff filed his Objection on March 28, 2012. Doc. 262.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court issues the following additional analysis concerning the Findings and Recommendations to address the parties' objections.

## II.     **Plaintiff's Objections**

### A.     Counts 1 and 2

Plaintiff objects that the Magistrate Judge found that Plaintiff failed to state a claim against Defendants Robinson and Blevins for refusal to return property, but found a claim against Defendants Wenneker, Pazo, and Tidwell. Plaintiff's objection raises no new arguments. The only alleged link between Defendants Robinson and Blevin and Defendants Wenneker, Pazo, and Tidwell is an alleged conspiracy, for which Plaintiff fails to state a claim. The Magistrate Judge's finding is supported by proper legal analysis.

### B.     Count 4

Plaintiff complains that he alleged retaliation by Defendants against Plaintiff for the filing of this action when his mail was allegedly sent by the Magistrate Judge to Defendants Robinson and Blevins. Plaintiff contends that the Magistrate Judge did not address Plaintiff's alleged retaliation claim. For the sake of clarity, the Court does so here.

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a § 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff fails to state a claim for retaliation against Defendants Robinson and Blevins for retaliation in violation of the First Amendment. Plaintiff alleges that Defendants Robinson and Blevins opened Plaintiff's mail from the Court, copied, read, and held the documents for twenty-six days, became aware of Plaintiff's civil complaint, and used it to "spawn a two-year tirade of

retaliatory abuse under the guise of policy." Plaintiff fails to allege facts which demonstrate that Defendants Robinson and Blevins engaged in adverse action by allegedly reading Plaintiff's legal mail. Mail from the court is not legal mail, and thus may be opened and read outside the presence of the prisoner. *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998); *Mann v. Adams*, 846 F.2d 589, 590-91 (9th Cir. 1988) (per curiam) (concluding that mail from public agencies, public officials, civil rights groups and news media may be opened outside the prisoners' presence in light of security concerns). Plaintiff contends that two years of retaliatory abuse followed Defendant Robinson and Blevins's alleged actions. However, Plaintiff has not alleged facts which demonstrate that Defendants Robinson and Blevins's actions were linked to or caused the alleged subsequent retaliation. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Thus, Plaintiff fails to state a retaliation claim against Defendants Robinson and Blevins.

**C.     Count 5**

Plaintiff contends that a false rules violation report is sufficient to demonstrate retaliation in violation of the First Amendment. Plaintiff, however, failed to allege facts which indicate that Defendants filed false rules violation reports because of Plaintiff's protected conduct. The Magistrate Judge's finding is supported by proper legal analysis.

**D.     Count 7**

Plaintiff contends that removal from single cell status is adverse action for purposes of retaliation, citing *Pratt*, 65 F.3d 802. Plaintiff misstates the law. Being double-celled **and** transferred is sufficient to demonstrate adverse action for purposes of retaliation. *Pratt*, 65 F.3d at 807. Additionally, double-celling can serve a legitimate penological goal: addressing overcrowding issues. *Id.* at 809-10. Being double-celled, by itself, is not a sufficient adverse action.

Plaintiff's placement in administrative segregation may be a sufficient adverse action for purposes of retaliation. However, Plaintiff fails to allege facts which demonstrate that Defendant took such adverse action because of Plaintiff's protected conduct. The Magistrate Judge's finding is supported by proper legal analysis.

**E.     Count 8**

Plaintiff contends that Defendant Ramos engaged in a conspiracy with other Defendants to

3

have Plaintiff thrown in the hole on fabricated charges. Plaintiff fails to state a claim against Defendant Ramos. Plaintiff fails to allege facts which link Defendant Ramos's alleged adverse action as taken because of Plaintiff's protected First Amendment. Plaintiff's bare allegation of conspiracy is insufficient to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Magistrate Judge's finding is supported by proper legal analysis.

**F.  Count 9**

Plaintiff contends that Defendant Skeen coaxing Plaintiff to take psychotropic medication to render Plaintiff docile is an adverse action for purposes of retaliation and deliberate indifference in violation of the Eighth Amendment. Plaintiff fails to state a claim against Defendant Skeen. Plaintiff fails to allege facts which demonstrate that mere coaxing is adverse action. Plaintiff fails to allege facts which demonstrate that mere coaxing to take psychotopic medication demonstrates deliberate indifference to a substantial risk of serious harm. The Magistrate Judge's finding is supported by proper legal analysis.

**G.  Count 11[1]**

Plaintiff contends that Defendant Hopkins was in a conspiracy with Defendant Lopez to author a fabricated lock-up order against Plaintiff. Plaintiff fails to state a claim against Defendant Hopkins, as a bare allegation of conspiracy is insufficient to support a claim of retaliation. Plaintiff additionally fails to allege facts which demonstrate that Defendant Hopkins's action was taken because of Plaintiff's protected conduct. Likewise, Plaintiff fails to state a claim for retaliation against Defendants Dunlop, White, Todd, and McLaughlin solely for their actions on the classification committee. Plaintiff does not link Defendants' conduct to an adverse action because of Plaintiff's First Amendment activities.

**H.  Count 12**

Plaintiff contends that his claims against Gutierrez and Garcia are sufficient to state a claim.

---

[1] Plaintiff lists this as an objection to Count 10. However, Plaintiff's allegations against Defendant Hopkins are found at Count 11.

4

Plaintiff alleges that Defendant Gutierrez responded to Plaintiff's grievance by stating that Defendant Garcia had interviewed Plaintiff, which Plaintiff maintains did not occur. This allegation does not indicate that Defendants Gutierrez or Garcia took adverse action against Plaintiff because of Plaintiff's First Amendment activities. Plaintiff contends that the alleged lies by Defendants Gutierrez and Garcia "was the platform upon which Lopez and Todd perfected their scheme of taking Plaintiff to classification in absentia, and released him back to general population, that was later used as the basis of the fabricated Rules Violation Report by Dunlop, to which Plaintiff was found guilty." This argument fails to link Defendants Gutierrez and Garcia to adverse action. Mere allegations of conspiracy are insufficient.

### I.     Count 13

Plaintiff contends that he did state a claim for denial of medical treatment. Plaintiff alleged being pepper-sprayed in his cell and was denied medical care. However, Plaintiff fails to allege facts which link any Defendants to an act or failure to act with knowledge and disregard of an excessive risk to Plaintiff's health. While being pepper-sprayed is a sufficiently serious harm, Plaintiff lists no Defendants as responsible for the failure to provide medical care.

Plaintiff contends that Defendants Lopez, Zanchi, Chapman, Garza, Jones, Sherrit, Newby, Arellano, Watson, Genova, and G. Garcia are responsible for the retaliatory cell extraction. The Court does find a cognizable retaliation claim against Defendant Lopez, as Plaintiff has alleged that Defendant Lopez threatened to extract Plaintiff and transfer him. Based on Plaintiff's allegations that Defendant Lopez had previously retaliated against Plaintiff for filing his complaint, Plaintiff has sufficiently plead a retaliation claim. As to the other Defendants, Zanchi, Chapman, Garza, Jones, Sherrit, Newby, Arellano, Watson, Genova, and G. Garcia, Plaintiff fails to state a claim. Plaintiff alleges only a bare conspiracy by the Defendants, which is insufficient to demonstrate liability.

### J.     Count 14

Plaintiff contends that Defendants Whitlach and Grannis are liable for failure to process Plaintiff's inmate grievance. Plaintiff contends that he is not trying to claim a specific outcome, but rather that his grievance should have been processed. Plaintiff fails to state a claim. Based on the allegations, his grievance was processed, and rejected as untimely. Plaintiff seeks a different

5

outcome regarding the processing of his appeals. As found by the Magistrate Judge, there is no constitutional entitlement to a specific prison grievance procedure. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988)). Plaintiff seeking a different outcome is seeking a different procedure, for which there is no due process right under the United States Constitution.

### K.  Count 16

Plaintiff contends that CDCR's inmate appeals process is in violation of the Supremacy Clause, the Sherman Act. This argument fails to state a claim, as stated in the Findings and Recommendations.

### L.  Kern Valley State Prison Defendants

Plaintiff contends that Kern Valley State Prison ("KVSP") Defendants should not be dismissed from this action because of their alleged conspiracy to retaliate against Plaintiff. Again, bare allegations of conspiracy are insufficient to link KVSP Defendants with the Defendants remaining in this action. Unrelated claims belong in different suits.

### M.  Request For Order

Plaintiff requests that if the Court should affirm the Findings and Recommendation, the Court issue an order allowing Plaintiff to dismiss his claims so that he can pursue an appeal. The Court will not issue such an order. Voluntary dismissal of an action is governed by Rule 41(a) of the Federal Rules of Civil Procedure.

### N.  Amended Request For Relief

The Magistrate Judge issued a recommendation that Plaintiff be granted leave to amend his request for relief. On March 16, 2012, Plaintiff filed a motion to amend his complaint. Doc. 259. Plaintiff lists his request for relief as $1,500,000 in compensatory and punitive damages each. For the sake of judicial economy, Plaintiff's third amended complaint will be so amended with regards to his request for relief only.

### III.  Defendants' Objections

Defendants contend that the allegations raised in the supplemental complaint are not related to the claims alleged in the original complaint. Defendants apply arguments regarding res judicata

and joinder of claims principles.

### A.   Res Judicata

Defendants contend that only if the new claims were barred by res judicata would the new claims be suitable for a supplemental complaint. Defs.' Objections 4:19-5:2. Defendants cite to no case law in support of this argument.[2] The doctrine of res judicata bars the re-litigation of claims previously decided on their merits. *Headwaters, Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 (9th Cir. 2005). "The elements necessary to establish res judicata are: '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'" *Id.* at 1052 (quoting *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.2d 1064, 1077 (9th Cir. 2003)).

Defendants' arguments have no basis in case law. Res judicata bars suits which have already been adjudicated on the merits from being litigated again. Here, the supplemental pleadings have never been adjudicated on the merits. Defendant fails to explain how res judicata applies in the context of supplemental pleadings.

### B.   Joinder Of Claims

Defendants contend that Plaintiff's allegations in his second amended complaint and his third amended complaint are unrelated and should be filed in separate actions, citing to *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Defs.' Objections 5:3-8. Under Rule 15(d) of the Federal Rules of Civil Procedure, "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Unlike other Federal Rules of Civil Procedure, there is no transactional requirement. *Keith v. Volpe*, 858 F.2d 467, 474 (9th Cir. 1988). The only requirement, as found by the Ninth Circuit, is that the supplemental pleadings have "some

---

[2] Defendants cite to *Costantini v. Trans World Airlines*, 681 f.2d 1199 (9th Cir. 1982). That case concerned a question of whether res judicata was applicable in a diversity action. It does not apply for the proposition set forth by Defendants.
  Defendants contend that the doctrine of res judicata is applicable, because only if res judicata bars the claim would supplemental pleading be necessary. It appears that Defendants are suggesting that res judicata renders supplemental pleadings mandatory. Other circuits have explicitly rejected that argument. *See Computer Assocs. Int'l v. Altai, Inc.*, 126 F.3d 365, 369-70 (2d Cir. 1997); *Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1357 (11th Cir. 1998); *Hatch v. Boulder Town Council*, 471 F.3d 1142, 1150 (10th Cir. 2006). This Court likewise will not adopt such an argument.

7

relationship . . . between the newly alleged matters and the subject of the original action." *Id.* "Rule 15(d) is intended to give district courts broad discretion in allowing supplemental pleadings." *Id.* at 473. Defendants' argument regarding joinder is inapplicable. *George* does not apply for supplemental pleadings. The Court will address each cognizable claim.

### 1. Counts 1 and 2

Defendants contend that the claims alleged in the second amended complaint ("SAC") and the third amended complaint ("TAC") are unrelated, because there is no relation between the allegations of retaliation for filing inmate appeals on November 15, 2000 and May 7, 2001, and allegations of retaliation for the filing of this action.

For Counts 1 and 2, the Court found that Plaintiff stated a claim against Defendants Wenneker, Pazo, and Tidwell for retaliation in violation of the First Amendment for depriving Plaintiff of his property because he filed a civil rights complaint. The civil rights complaint concerned the filing of the inmate appeals on November 15, 2000, and May 7, 2001 and alleged retaliation. There is some relationship between the newly alleged matters and Plaintiff's original complaint. Plaintiff alleged that he was retaliated against for filing his inmate appeals, and filed a civil rights complaint. Plaintiff supplemented his complaint by alleging that he was then retaliated against for the filing of the civil rights complaint. Under Rule 15(d), Plaintiff may supplement his complaint with regards to Counts 1 and 2.

### 2. Count 3

The Magistrate Judge found that Plaintiff states a cognizable claim for relief for retaliation in violation of the First Amendment against Defendant Lopez for firing Plaintiff because he had filed this action and an inmate grievance. There is some relationship between the newly alleged matters and Plaintiff's original complaint.

### 3. Count 6

The Magistrate Judge found Plaintiff states a claim against Defendant Chapman for retaliation in violation of the First Amendment. Plaintiff alleges Defendant Chapman, in response to Plaintiff filing an inmate grievance regarding being fired from his job by Defendant Lopez, had Plaintiff put up for transfer to another prison. There is some relationship between the newly alleged

8

matters and Plaintiff's original complaint.  Plaintiff alleges that he was fired as retaliation for filing his complaint.  When he then filed an inmate grievance regarding being fired, he allegedly received further retaliation by being put up for a prison transfer.

### 4. Count 8

The Magistrate Judge found that Plaintiff states a cognizable retaliation claim against Defendants K. Todd and A. Lopez.  Defendant K. Todd allegedly threatened to have Plaintiff transferred to a psychiatric facility because of all the grievances that he filed.  Defendant Lopez allegedly changed Plaintiff's CDC 115 report to threatening to kill a cell mate. There is some relationship between the newly alleged matters and Plaintiff's original complaint.  Plaintiff's subsequent alleged conduct of filing inmate grievances allegedly led to additional retaliatory conduct.

### 5. Count 10

The Magistrate Judge found that Plaintiff states a cognizable retaliation claim against Defendants Metzen, Garza, and Lopez.  Plaintiff alleges that Defendants Metzen and Garza attempted to intimidate Plaintiff regarding the filing of his inmate grievance.  Plaintiff alleges Defendant Lopez threatened Plaintiff with violence and with being transferred to another prison because of the grievance.  There is some relationship between the newly alleged matters and Plaintiff's original complaint.  Plaintiff's subsequent alleged conduct of filing inmate grievances allegedly led to additional retaliatory conduct.

### 6. Count 11

The Magistrate Judge found that Plaintiff states a cognizable retaliation claim against Defendant Lopez.  Plaintiff alleges that Defendant Lopez had directed Defendant Hopkins to author a CDC 114 D report to have Plaintiff locked in administrative segregation, which based on previous allegations, indicates it was done because Plaintiff had filed inmate grievances against him.  There is some relationship between the newly alleged matters and Plaintiff's original complaint. Plaintiff's subsequent alleged conduct of filing inmate grievances allegedly led to additional retaliatory conduct.

//

**7.     Count 13**

The Magistrate Judge found that Plaintiff states a cognizable claim for excessive force against Defendants Garza and Jones for their use of pepper spray in extracting Plaintiff. There is a relationship between the newly alleged matters and Plaintiff's original complaint. For Count 10, Defendant Garza was allegedly involved in retaliatory conduct against Plaintiff for the filing of an inmate grievance. In Count 13, Defendant Garza, with Defendant J. Jones, then allegedly engaged in excessive force against Plaintiff by using excessive amounts of pepper spray to extract him from his cell for prison transfer.

As stated previously, the Court does find a cognizable retaliation claim against Defendant Lopez. Plaintiff alleged that Defendant Lopez threatened to extract Plaintiff and transfer him.

## IV.   Conclusion And Order

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed December 19, 2011, is adopted in part and modified as stated herein;
2. Defendants' motion to dismiss, filed June 24, 2011, is GRANTED in part and DENIED in part as stated herein;
3. This action proceeds on Plaintiff's third amended complaint, filed June 9, 2011, against Defendants Wenneker, Pazo, Tidwell, Chapman, Lopez, K. Todd, Metzen, and Garza for retaliation in violation of the First Amendment as stated herein, and against Defendants Garza and Jones for excessive force in violation of the Eighth Amendment;
4. Plaintiff's other claims which failed to state a claim, as stated herein, are dismissed with prejudice;
5. Plaintiff's motion to amend, filed March 16, 2012, is GRANTED in part and Plaintiff's request for relief in his third amended complaint is amended as "$1,500,000 in damages, and the same in punitive damages."
6. Plaintiff's remaining claims arising at KVSP are dismissed without prejudice to filing in a new, separate action;

7.  Defendants R. Blevins, M. Robinson, S. Hanson, McDill, Skeen, Sherrit, Newby, D. Zanchi, Arellano, Watson, Genova, L. Garcia, G. Garcia, J. Ramos, S. Hopkins, M. Dunlop, S. Buentempo, J. L. Peterson, D. White, V. McLaughlin, J. Gutierrez, Whitlach, Grannis, Tarnoff, Tallerico, J. Acebedo, Stewart, Epperson, J. Hernandez, Ostrander, Campagna, M. D. Biter, E. Negre, Matthew Cate, D. Lee, R. Keldgord, John W. Riches, Dennis L. Beck, Lawrence J. O'Neill, E. Flores, Kenneth Roost, D. Page, and T. S. Arlitz, are dismissed from this action; and

8.  The matter is referred the United States Magistrate Judge for further proceedings.

IT IS SO ORDERED.

**Dated:   May 29, 2012**                    /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE