# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAVIN M. RHODES,<br><br>         Plaintiff,<br><br>    v.<br><br>M. ROBINSON, et al.,<br><br>         Defendants. | Case No. 1:02-cv-05018-LJO-DLB PC<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE REPLY NUNC PRO TUNC** (ECF No. 283)<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE GRANTED** (ECF No. 276)<br><br>OBJECTIONS, IF ANY,  DUE WITHIN FOURTEEN DAYS |

**I.    Background**

Plaintiff Kavin M. Rhodes ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's Third Amended Complaint, filed June 9, 2011, against Defendants Wenneker, Pazo, Tidwell, Chapman, Lopez, K. Todd, Metzen, and Garza for retaliation in violation of the First Amendment, and against Defendants Garza and Jones for excessive force in violation of the Eighth Amendment.  Pending before the Court is Defendants' Motion to Dismiss, filed October 9, 2012, pursuant to the unenumerated portion of Rule 12(b) of the Federal Rules of Civil Procedure, for Plaintiff's failure to exhaust administrative remedies as to Count 13.  Defs.' Mot. Dismiss, ECF No.

1

276. Plaintiff filed an opposition on December 26, 2012.[1] ECF No. 282. On January 9, 2013, Defendants filed their Reply.[2] ECF No. 284. The matter is submitted pursuant to Local Rule 230(l).

## II. Summary of Third Amended Complaint[3]

Plaintiff was incarcerated at California Correctional Institution ("CCI") in Tehachapi, California, where the events giving rise to this action occurred.

Plaintiff alleges the following. On June 17, 2003, Defendants Garza and J. Jones each discharged the entire contents of a MK-46 pepper spray dispenser into Plaintiff's cell. Third Am. Comp. 14. ECF No. 239. After Defendant Garza emptied his dispenser, he opened the food port of Plaintiff's cell door and discharged the entire contents of a MK-9 pepper spray into the cell, transforming Plaintiff's cell into a proverbial gas chamber. Defendant Lopez threatened to transfer Plaintiff and subsequently did in retaliation for Plaintiff's filing of a civil rights complaint.

Plaintiff contends a violation of the First and Eighth Amendments. Plaintiff requests as relief compensatory and punitive damages.

## III. Exhaustion of Administrative Remedies

### A. Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516, 532 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative

---

[1] Defendant's motion to dismiss for failure to exhaust administrative remedies was served with a concurrent notice pursuant to *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), as required by *Woods v. Carey*, 684 F.3d 934, 936 (9th Cir. 2012).

[2] On January 2, 2013, Defendants filed a motion for extension of time to file their reply. ECF No. 283. Good cause appearing, Defendants' motion is HEREBY GRANTED nunc pro tunc. Defendants' Reply is deemed timely filed.

[3] The Court will consider only the portion of the Third Amended Complaint that specifically concerns Count 13, the subject of the pending motion.

defense under which defendants have the burden of raising and proving the absence of exhaustion. *Jones*, 549 U.S. at 216; *Wyatt*, 315 F.3d at 1119.  The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion.  *Wyatt*, 315 F.3d at 1119 (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1998) (per curiam)).  In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact.  *Id.* at 1119-20.  If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice.  *Id.*

**B.** **Analysis**

The CDCR has an administrative grievance system for prisoner complaints.  Cal. Code Regs. tit. 15, § 3084.1 (2010).  At the time of the events in question, the process was initiated by submitting a CDC Form 602.  *Id.* § 3084.2(a).  Four levels of appeal were involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." *Id.* § 3084.5.  Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level.  *Id.* §§ 3084.5, 3084.6(c).  In order to satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit.  *Woodford v. Ngo*, 548 U.S. 81, 85-86 (2006); *McKinney*, 311 F.3d at 1199-1201.  Exhaustion does not always require pursuit of an appeal through the Director's Level of Review.  What is required to satisfy exhaustion is a fact specific inquiry, and may be dependent upon prison officials' response to the appeal.  *See Sapp v. Kimbrell*, 623 F.3d 813, 823 (9th Cir. 2010) (improper reasons for screening inmate's appeal is equitable exception to exhaustion); *Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010) (listing examples of exceptions to exhaustion requirement from other circuits); *Brown v. Valoff*, 422 F.3d 926, 935-36 (9th Cir. 2005) ("[E]ntirely pointless exhaustion" not required).

Defendants contend that Plaintiff has failed to exhaust administrative remedies in this action as to Count 13.  Defs.' Mem. P. & A. 5:10-7:8.  Defendants contend that Plaintiff attempted to appeal his allegation in Count 13 through appeal No. CCI-03-01110.  This appeal was filed at the

institution on April 6, 2003.  The appeal was accepted at the third level of review on June 9, 2013. Defendants contend that Plaintiff attempted to add allegations related to the June 17, 2003 incident by submitting new appeals, but with the appeal number CCI-03-01110.  Defendants submit in support of their motion a declaration from J. Lozano, Chief of the Office of Appeals for CDCR. Lozano declares that only three inmate appeals were filed by Plaintiff for third level review in 2003, one of which was CCI-03-01110.  Lozano Decl., Ex. B.  In the Director's level decision, the Chief of the Inmate Appeals Branch, former chief Grannis, addresses the new matters raised by Plaintiff, informing Plaintiff that new matters "must be submitted to the institution for review on a separate appeal in order to allow institutional staff the opportunity to respond."  Defendants have met their initial burden of persuasion.  The burden thus shifts to Plaintiff to demonstrate exhaustion of all available administrative remedies.

Plaintiff contends that on the day of the cell extraction, Plaintiff filed an appeal and mailed it directly to the appeals coordinator in Sacramento which had not yet made a decision on Appeal No. CCI-03-01110.  Pl.'s Opp'n 4:11-17, 8:5-10.  Plaintiff contends that he was merely amending CCI-03-01110, to reflect that the same defendants who were threatening to cell-extract and transfer Plaintiff in retaliation for the submission of CCI-03-01110 had taken place.

CCI-03-01110 was signed and submitted on April 6, 2003.  Defs.' Mot., Lozano Decl., Ex. B.  The appeal does complain that Defendant Lopez had put Plaintiff up for transfer to another prison in retaliation for filing a civil complaint.  Ex. B-06.  However, that issue was raised for the first time in the appeal when Plaintiff submitted the appeal for third level review on June 2, 2003. There is also no mention of a cell extraction or pepper-spraying incident that allegedly occurred on June 17, 2003.

Plaintiff's argument is unpersuasive.  The PLRA requires inmates to exhaust administrative remedies using the procedures provided by the prison.  *Jones*, 549 U.S. at 218.  At the time Plaintiff filed his inmate appeal, Title 15 of the California Code of Regulations required that Plaintiff file an appeal within 15 working days of the action complained of.  However, new issues must be presented at the first level of review.  *Sapp*, 623 F.3d at 825.  The prison transfer, cell extraction, and pepper-spraying are new issues that were not presented at the first level of review

4

Appeals suffice if they alert the prison to the nature of the wrong for which redress is sought. *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009). Here, CCI-03-01110, when submitted at the first level of review, did not alert prison officials of Plaintiff's problems with a prison transfer, cell extraction, and pepper-spraying as alleged in Claim 13. Plaintiff declares that he first put prison officials on notice by appeal CCI-03-01110 that Defendants made explicit threats to cell extract Plaintiff, beat him, and put him up for transfer on June 2, 2003. Pl.'s Opp'n, Pl.'s Decl. ¶ 3. Plaintiff is not permitted to add new issues to an appeal at higher levels of review. *See Sapp*, 623 F.3d at 825 (holding that screening of inmate appeal was proper when officials explained that an eye issue raised for the first time by prisoner at the second level of review had to be raised in separate appeal).

Plaintiff's citation to *Marella v. Terhune*, 568 F.3d 1024, 1027 (9th Cir. 2009), and *Nunez v. Duncan*, 591 F.3d 1217, 1224-25 (9th Cir. 2010), are unpersuasive. Plaintiff contends that pursuant to *Marella*, he should be provided the opportunity to file the inmate appeal in a timely manner. Plaintiff contends that his appeal was improperly screened out as untimely on September 16, 2004. Pl.'s Opp'n 9:14-25. However, under Title 15 of the California Code of Regulations, the proper procedure for filing of new issues is to raise them at the first or informal level of review, not amend pre-existing appeals and raise issues for the first time at the second or third level of review. Additionally, *Marella* concerned an inmate who may not have been physically capable of filing an administrative appeal. 568 F.3d at 1026-27. Plaintiff, however, declares that he sent his amended appeal to the third level of review. Pl.'s Opp'n, Pl.'s Decl. ¶¶ 3, 4. Thus, Plaintiff was capable of filing an inmate appeal, but did not comply with the prison appeals procedure.

*Nunez* is also not applicable to this action. In *Nunez*, the failure to exhaust was excused because the warden misled Plaintiff with regards to exhaustion. 591 F.3d at 1224-26. Here, there is no argument that supports Plaintiff being misled by any prison officials.

Defendants have demonstrated that Plaintiff has failed to exhaust available administrative remedies as required by the PLRA. The undersigned recommends dismissal of Count 13 without prejudice. *Wyatt*, 315 F.3d at 1120. Because Count 13 was the only claim against Defendant Jones, the undersigned also recommends dismissal of Defendant Jones from this action.

**IV.     Conclusion and Recommendation**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendant's Motion to Dismiss, filed October 9, 2012, pursuant to the unenumerated portion of Rule 12(b) of the Federal Rules of Civil Procedure, should be granted;

2. Plaintiff's Count 13 be dismissed without prejudice for Plaintiff's failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a); and

3. Defendants Jones be dismissed from this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  A party may respond to another party's objections by filing a response within **fourteen (14) days** after being served with a copy of that party's objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 17, 2013**                              /s/ *Dennis L. Beck*
                                                                    UNITED STATES MAGISTRATE JUDGE