# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAVIN M. RHODES,<br><br>         Plaintiff,<br><br>    v.<br><br>M. ROBINSON, et al.,<br><br>         Defendants. | Case No. 1:02-cv-05018 LJO DLB PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANTS' MOTION TO DISMISS CERTAIN CLAIMS<br><br>(Document 288) |

Plaintiff Kavin M. Rhodes ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's Third Amended Complaint, filed on June 9, 2011, against (1) Defendants Wenneker, Pazo, Tidwell, Chapman, Lopez, K. Todd, Metzen, and Garza for retaliation in violation of the First Amendment; and (2) Defendants Garza and Jones for excessive force in violation of the Eighth Amendment.

On October 9, 2013, Defendants filed a Motion to Dismiss pursuant to the unenumerated portion of Rule 12(b) of the Federal Rules of Civil Procedure, for Plaintiff's failure to exhaust administrative remedies as to Count 13. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 20, 2013, the Magistrate Judge issued Findings and Recommendations to grant Defendants' Motion to Dismiss Count 13 and Defendant Jones.[1]  The Findings and Recommendations were served on the parties and contained notice to the parties that any objections to the Findings and Recommendations were to be filed within fourteen days.  After receiving extensions of time, Plaintiff filed objections on July 22, 2013.  Defendants did not file a reply.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case.  Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds that the Findings and Recommendations are supported by the record and proper analysis.

Throughout Plaintiff's objections, he continues to suggest that Magistrate Judge Beck is biased against him.  As proof, he cites a reference to "2013," rather than the correct date of "2003."  Contrary to Plaintiff's theory that Judge Beck's intent was to make his appeal seem "untimely by years," it is simply a typographical error.

Plaintiff also continues to argue that appeals coordinators conspired to screen out his "timely" June 17, 2003, appeal.  However, the fact remains that Plaintiff could have, but did not, submit a timely appeal regarding the events in Count 13, to the first level of review.  As the Magistrate Judge found, "Plaintiff was capable of filing an inmate appeal, but did not comply with the prison appeals procedure."  ECF No. 288 at 5.  "If a prisoner had full opportunity and ability to file a grievance timely, but failed to do so, he has not properly exhausted his administrative remedies."  Marella v. Terhune, 568 F.3d 1024, 1028 (9th Cir. 2009).

Insofar as Plaintiff contends that the April 2003 appeal put prison officials on notice of the events on June 17, 2003, he is incorrect.  While the April 2003 appeal may have referenced the threats, it could not have discussed the actual transfer, including a cell extraction and use of pepper spray, that occurred in June 2003.  Although Plaintiff may disagree with the exhaustion procedure and/or requirements, it does not change the ultimate conclusion.

---

[1] Count 13 is the only count against Defendant Jones.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed May 20, 2013, are ADOPTED in full;
2. Defendants' Motion to Dismiss (Document 276) is GRANTED;
3. Count 13 is DISMISSED for Plaintiff's failure to exhaust administrative remedies; and
4. Defendant Jones is DISMISSED.

IT IS SO ORDERED.

Dated: **August 8, 2013**              /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE