# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAVIN M. RHODES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M. ROBINSON, et al.,<br><br>　　　　Defendants. | Case No. 1:02-cv-05018 LJO DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>[ECF No. 316] |

Plaintiff Kavin M. Rhodes ("Plaintiff") is a California state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on January 4, 2012.

On October 9, 2012, Defendants filed an unenumerated Rule 12(b) motion to dismiss certain claims for failure to exhaust administrative remedies. On August 9, 2013, the Court granted the motion to dismiss. On November 2, 2014, Plaintiff filed the instant motion for reconsideration of the August 9, 2013, order granting the motion to dismiss. Defendants did not file an opposition. The motion is deemed submitted pursuant to Local Rule 230(l).

## DISCUSSION

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4)

the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed.R.Civ.P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances ..." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control...." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation ..." of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D.Cal.2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern–Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

In addition, "[a] motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Here, the order Plaintiff challenges was issued on August 9, 2013. Plaintiff's motion for reconsideration, filed November 2, 2014, is therefore untimely. It is beyond one year for reasons (1), (2), and (3), and as to the remaining reasons, the Court finds that the motion was not presented within a reasonable time. The basis for Plaintiff's motion is the case of Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014). The opinion was issued on April 3, 2014. Plaintiff's motion was not filed for

2

another seven months.  This does not constitute a reasonable amount of time.  Therefore, Plaintiff's motion for reconsideration is untimely.

Moreover, the Court's order granting Defendants' motion to dismiss was procedurally proper at the time the decision was rendered.  See Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003).  In Albino, the Ninth Circuit concluded only that Wyatt is "no longer good law."  Albino, 747 F.3d at 1169.  The Court did not hold that decisions rendered prior to its ruling in Albino were erroneous, nor did the Court find that Albino should be applied retroactively.  Therefore, the instant motion is without merit.

**ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   **January 26, 2015**          /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE