# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAVIN MAURICE RHODES, | Case No. 1:02-cv-05018 LJO DLB PC |
| Plaintiff, | ORDER DENYING MOTION TO MODIFY SCHEDULING ORDER TO CONTINUE TRIAL DATE |
| v. | |
| M. ROBINSON, et al., | [ECF No. 328] |
| Defendants. | |
| _____/ | |

Plaintiff Kavin Rhodes, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 4, 2002. This action for damages is proceeding on Plaintiff's third amended complaint against Defendants Pazo, Tidwell, Wenciker, Todd, Lopez, Garza and Matzen for retaliation in violation of the First Amendment of the United States Constitution. The events at issue occurred in 2002 and 2003, while Plaintiff was housed at California Correctional Institution in Tehachapi, California.

Pursuant to the Court's second scheduling order of January 27, 2015, a jury trial has been set to commence on July 21, 2015. On April 3, 2015, Defendants filed a motion to request that the trial date be vacated and reset, and that the current due dates for pretrial filings be reset accordingly.

Modification of the pretrial scheduling order requires a showing of good cause. Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot reasonably be met despite the

1  diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302
2  F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604,
3  607 (9th Cir. 1992)). "If the party seeking the modification 'was not diligent, the inquiry should
4  end' and the motion to modify should not be granted." Id.

5      Defendants argue that good cause exists to reset a trial date because Defendant Lopez will
6  be out of state and is not due to return until the end of August 2015. Defendants' counsel also
7  state that they are scheduled to commence jury trials in other federal cases on July 7, 2015, and on
8  July 28, 2015, which will impact their ability to adequately prepare for a jury trial in this case.

9      The Court does not find good cause to continue the trial date in this matter. Although
10 Defendant Lopez is scheduled to be out of town until the end of August 2015, Defendant makes
11 no showing why he cannot travel to attend trial on the appointed date. With respect to counsel's
12 other trials, although they are set to commence near in time to the instant trial, there do not appear
13 to be any actual conflicts with the current trial date. In addition, counsel participated in the
14 selection of this trial date, so any trial set subsequently has the problem in setting. Moreover, if in
15 fact there exists a conflict, there is ample time to locate other counsel within the office to try the
16 case. Accordingly, Defendants' arguments do not constitute good cause to continue the trial date.
17 Fed. R. Civ. P. 16(b)(4); Zivkovic, 302 F.3d at 1087.

18     Accordingly, Defendants' motion to modify the scheduling order to continue the trial date
19 in this matter is HEREBY DENIED.

20
21 IT IS SO ORDERED.

22   Dated:   **April 8, 2015**                              /s/ Lawrence J. O'Neill
                                                                       UNITED STATES DISTRICT JUDGE